141 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond E. HILL, Plaintiff-Appellant,
v.
Larry KINCHELOE, Defendant-Appellee.
 No. 97-35311.
D.C. No. CV-96-00194-JWS.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1998**.
Decided March 13, 1998.
 
 Appeal from the United States District Court for the District of Alaska, John W. Sedwick, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 MEMORANDUM*
 Raymond E. Hill, an Alaska state prisoner, appeals from the district court's dismissal of his 28 U.S.C. § 2254 petition. The district court determined that Hill had procedurally defaulted on his double jeopardy claim. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, see Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 517 U.S. 1158, 116 S.Ct. 1549, 134 L.Ed.2d 651 (1996), and we affirm.
 Hill contends that his procedural default should be excused because his state appointed attorney did not file for discretionary review before the Alaska Supreme Court. This contention lacks merit because there is no constitutional right to effective assistance of counsel in habeas proceedings. See Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir.), cert. denied, 516 U.S. 1143, 116 S.Ct. 980, 133 L.Ed.2d 899 (1996). Hill therefore cannot establish the requisite cause to excuse his default. See Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). In addition, Hill has not alleged facts demonstrating that a fundamental miscarriage of justice would result were his claims not heard. See id.
 
 
 1
 Nor is there merit to Hill's argument that his due process rights were violated by counsel's failure to file a petition for discretionary review. See Moran v. McDaniel, 80 F.3d 1261, 1271 (9th Cir.1996) (noting that one "may not avoid our holding that petitioner is not entitled to effective assistance of (post-conviction] counsel during habeas proceedings by alleging a due process, rather than a Sixth Amendment, violation).[1]
 
 
 2
 Accordingly, the district court's dismissal of Hill's habeas petition is
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hill makes the additional argument that Alaska denied him his right of access to the courts by allowing his court appointed attorney to refuse to file a petition and simultaneously refusing to accept his pro se petition. This argument is premised on a mischaracterization of the facts. The Alaska Supreme Court rejected Hill's pro se petition because it did not meet the requirements of its appellate rules; Hill did not seek to submit a corrected petition
 
 
 [2]
 This court has received Hill's pro se motions "to have his case heard and reviewed by the Ninth Circuit Court of Appeals" and for a "writ of mandamus," as well as his request for oral argument. Because Hill is represented by counsel, this court declines to entertain these motions. Cf. United States v. Halbert, 640 F.2d 1000, 1009 (9th Cir.1981) (a criminal defendant has the right to self-representation or the right to counsel, but not both)